**Petition for Writ of Mandamus dismissed and Memorandum Opinion filed August 13, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-24-00107-CV

## IN RE BREWER FOUNDATION, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**201st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-24-005018**

## MEMORANDUM OPINION

This original proceeding arises out of litigation over release of the accountability rankings for the 2024 school year.[1] In *Morath v. Pecos-Barstow-Toyah Independent School District, et al.*, we held the Travis County district court erred by denying the Commissioner of Education's plea to the jurisdiction asserting immunity, vacated the district court's orders including its temporary

---

[1] We refer to school years by the calendar year in which they end.

injunction barring publication, and rendered judgment dismissing the suit against the Commissioner.[2]

In this related original proceeding, relator the Brewer Foundation was one of several parties that sought to intervene below in support of the Commissioner and against the Plaintiffs. Although 28 new districts joined on the Plaintiffs' side the morning of the evidentiary hearing below, the trial court denied intervention by the Foundation and all other parties that sought to join on the Commissioner's side.

For the reasons stated below, we dismiss the petition.

## Background

On August 12, 2004, the Pecos-Barstow-Toyah Independent School District and four others sued Mike Morath in his official capacity as Texas Commissioner of Education, seeking to bar publication of the 2024 academic performance ratings, annual ratings that are required by statute for all public schools and school districts in Texas.[3] The Brewer Foundation, a public-private partnership providing academic help, leadership resources, and financial aid to over 200 students in the 7th to 12th grades in Dallas Independent School District, intervened in that case 24 days after it was filed. Specifically, the Foundation asked the district court to declare that the Commissioner complied with all statutes governing school ratings, deny the Plaintiffs' request for temporary and permanent injunctions barring issuance of the 2024 school ratings, and grant the Foundation its costs and

---

[2]     *Morath v. Pecos-Barstow-Toyah Indep. Sch. Dist.*, 2025 WL 1833467, at *9 (Tex. App. (15th Dist.) July 3, 2025, no pet. h.).

[3]     *See* TEX. EDUC. CODE § 39.054.

2

attorney's fees under the Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE § 37.009.

Eleven days later, the district court *sua sponte* orally "denied" the Foundation's intervention during the first day of the evidentiary hearing held in *Pecos* on September 16–17, 2024, and refused to let the Foundation participate as a party in that hearing by calling or questioning witnesses. Two days later, the district court signed a written order denying the Foundation's plea in intervention, at the same time as it denied the Commissioner's jurisdictional plea, and granted a temporary injunction against him.

The Commissioner filed his interlocutory appeal the next day. Two weeks later, the Foundation filed this separate original proceeding seeking a writ of mandamus to compel the trial judge to vacate her orders (1) denying its right to intervene, (2) denying the Commissioner's plea to the jurisdiction, and (3) enjoining the release of the 2024 ratings. The Foundation also sought "remand to the trial court for a new hearing" with its participation.

## Discussion

This Court has original jurisdiction to issue writs "arising out of matters over which the court has exclusive intermediate appellate jurisdiction."[4] Our exclusive jurisdiction includes suits brought against an officer in the executive branch of state government;[5] the Commissioner of Education is such an officer.[6] Since the

---

[4]     TEX. GOV'T CODE § 22.221(c-1).

[5]     *Id*. § 22.220(d)(1).

[6]     *See* TEX. EDUC. CODE 7.055.

3

underlying suit falls within our exclusive jurisdiction, we have jurisdiction of this petition for mandamus arising from it.

In this original proceeding, the Foundation asked that we reverse the trial court's order denying intervention and allow it to contest any attempt to prohibit the 2024 ratings in the trial court. Our opinion in *Pecos* renders that contest moot.[7]

## Conclusion

We dismiss this original proceeding as moot.

Scott Brister
Scott Brister
Chief Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.

---

[7] The Foundation's petition in intervention also requested attorneys' fees under Tex. Civ. Prac. & Rem. Code § 37.009. That issue was not raised in their original proceeding in this Court, and was not addressed or rendered moot by our judgment in *Pecos*. The trial court's interlocutory order denying it thus remains pending below. *See Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 360 (Tex. 2021) ("Eichner could not appeal the trial court's interlocutory order striking his intervention petition until after the trial court signed a final judgment").